UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID HENRY PINCKNEY,

Plaintiff,

v.

ELLEN COFARO, et al.,

Defendants.

Civil Action No. 22-6122 (RK) (RLS)

**MEMORANDUM OPINION**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on Defendant Ellen Carfaro's motion to dismiss the complaint (ECF No. 7), and *pro se* Plaintiff's "emergent out of time request," styled as a motion for a temporary restraining order (ECF No. 10). The Court has reviewed the parties' submissions and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons that follow, Ms. Carfaro's motion to dismiss is **GRANTED** and Plaintiff's motion is **DENIED**.

**I.      BACKGROUND**

On October 17, 2022, *pro se* Plaintiff filed the instant complaint against "Ellen Cofaro/Somerset Probation." (ECF No. 1 at 1.) Under the section titled "Statement of Claim," Plaintiff alleged that "Defendant refuses to validate the debt CS90473325b/FM-18-0001398-19 and is attempting to transfer debt from three separate persons to [Plaintiff]." (*Id.* at 4.)

Appended to his five-page complaint, Plaintiff submitted a thirty-nine-page "Emergent Petition for Injunctive Relief" ("Petition"), also styled as a temporary restraining order, describing in greater detail the basis for the instant action. (ECF No. 1-2.) In the Petition, Plaintiff alleges that "SOMERSET PROBATION has demonstrated that it will arrest, detain and financially harass

[Plaintiff]," and that "SOMERSET PROBATION has committed fraud [and] refuses to identify the contract authorizing them, SOMERSET PROBATION, to coercively take my property and deny me my civil liberties (passport denial)." (*Id.* at 1.) In short, it appears that Plaintiff was found in violation of his child support obligations and placed in arrears, on which basis a bench warrant for his arrest ultimately issued. Plaintiff's complaint essentially disputes "SOMERSET PROBATION's numbers [regarding arrears as] unreliable" (*id.* at 12) and seeks monetary and injunctive relief for alleged fraud, illegal imprisonment, duress, and conversion, among other grounds (*id.* at 1–3).

On October 21, 2022, the Honorable Georgette Castner, U.S.D.J., issued a text order noting that no Defendant had been served with the Complaint and Emergent Petition and requiring Plaintiff to effect proper service. (ECF No. 4.) Plaintiff filed a certificate of service indicating that on November 3, 2022, he "mailed the following document, EMERGENT INJUNCTIVE RELIEF application" to "Eileen Cofaro/SOMERSET PROBATION" at the address of 73 East High Street, Somerville, New Jersey 08876. (ECF Nos. 5 & 6.)

On December 5, 2022, Defendant Ellen Carfaro (improperly pled as "Ellen Cofaro") filed the instant motion to dismiss the complaint with prejudice as against her. In support of the motion, counsel for Ms. Carfaro, Matthew R. Flynn, Esq., submitted a certification stating that Ms. Carfaro is the deputy director of the Somerset County Board of Social Services, an entirely separate agency from Somerset Probation. (ECF No. 7-2 at ¶¶ 4–5.) Mr. Flynn further certified that "no arrears are owed to the Somerset County Board of Social Services." (*Id.* at ¶ 6.) The motion to dismiss was served via certified mail on Plaintiff at his registered address of 268 Highland Avenue, Passaic, New Jersey 07055. (ECF No. 7 at 2.)

On December 28, 2022, Plaintiff filed a letter on the docket stating that "[i]t has come to my attention that there is an answer to my complaint/submission and accepted by the District Court. I am unaware of the contents of this answer since I have not been provided with a copy of this alleged answer by the defendant."[1] (ECF No. 9.) Approximately one month thereafter, Plaintiff filed an "emergent out of time request," labeled on the docket as a motion for a temporary restraining order, requesting "that the clerk enter judgment for the plaintiff" as "Ellen Carfaro Director of Somerset Probation and SOMERSET PROBATION have failed to respond or answer in any way" to Plaintiff's complaint and Petition. (ECF No. 10.)

## II.     LEGAL STANDARD

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court accepts the factual allegations in the complaint as true and draws all inferences in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or

---

[1] The Court finds Plaintiff's contention dubious given the certification of service to Plaintiff's registered address and Plaintiff's own acknowledgement that it had "come to his attention" that a motion had been filed. As the Court will give Plaintiff an opportunity to respond or amend his Complaint as described further herein, the Court need not consider whether Plaintiff was provided with Defendant's motion papers.

3

submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.").

As Plaintiff is proceeding *pro se*, the Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quotation marks and citations omitted). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

### III. DISCUSSION

Defendant Carfaro seeks the Court to take judicial notice of Ms. Carfaro's employment as the deputy director of the Somerset County Board of Social Services, as it is "a common, public, and openly available fact." (ECF No. 7-3 at 1.) Pursuant to Federal Rule of Evidence 201(b), a court may take adjudicative notice of a fact that "is generally known within the trial court's territorial jurisdiction" or one that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001). The Court "must take judicial notice if the party requests it and the court is supplied with the necessary information." R. 201(c)(2). It also "may take judicial notice on its own." R. 201(c)(1).

The Court is satisfied that Defendant's employment is within the realm of facts that may be judicially noticed. Ms. Carfaro's employment as deputy director of the Somerset County Board of Social Services is publicly available on the official government website,[2] and Defendant has

---

[2] SOMERSET COUNTY SOCIAL SERVICES, https://www.co.somerset.nj.us/government/affiliated-agencies/social-services (last visited Aug. 10, 2023).

supplied sufficient information (*see* ECF No. 7-2) that the Court may take judicial notice of this fact. *See Furando v. Ortiz*, No. 20-3739, 2020 WL 1922357, at *1 n.3 (D.N.J. Apr. 21, 2020) ("The Court may take judicial notice of public records and government documents on websites run by government agencies.") (citing *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 89 n.10 (3d Cir. 2016)). Plaintiff also seems to recognize that Defendant Carfaro is an employee of the Somerset County Board of Social Services. (*See* ECF No. 7-3 at 1; ECF No. 1 at 2 (naming Ellen Cofaro [*sic*] as the "Director of Somerset County Social Services").)

The Court also takes judicial notice of the fact that the Somerset County Probation Division is an arm of the judiciary and distinct from the Somerset County Board of Social Services. As the New Jersey government website describes it:

> The Probation Division, as part of the Judiciary, plays a vital role in accomplishing the mission of the Court. The role of the Probation Division is to promote the welfare and safety of children, families and communities in New Jersey by enforcing court orders, supervising offenders, monitoring behavior, and intervening to produce positive outcomes.

NEW JERSEY COURTS, SOMERSET/HUNTERDON/WARREN COURT OFFICES/DIVISIONS, https://www.njcourts.gov/courts/vicinages/somerset-hunterdon-warren/offices (last visited Aug. 10, 2023). Plaintiff's own exhibits submitted in conjunction with his Complaint and Emergent Petition provide correspondence from the Somerset County Probation Division which, through their letterhead, describe that the Somerset County Probation Division is located in the Somerville courthouse. (*See* ECF No. 1-2 at 19, 35, 37, 39.)

Plaintiff appears to have named Ms. Carfaro only because he also believes that she is the "Director of Somerset Probation." (*See* ECF No. 10.) Plaintiff's Complaint and attached Emergent Petition refer exclusively to alleged injuries conducted by "SOMERSET PROBATION." (*See* ECF No. 1.) The Emergent Petition is devoid of any references whatsoever to Ms. Carfaro. (*See*

5

ECF No. 1-2.) As none of Plaintiff's asserted constitutional and tort claims reference Ms. Carfaro in any capacity other than in her purported official capacity as "Director" of Somerset Probation, the Court finds dismissal as against Ms. Carfaro appropriate.

Plaintiff's mistaken understanding of Ms. Carfaro's employment also explains why Somerset Probation has yet to appear or respond in this case. Plaintiff's response to Judge Castner's text order requiring that he appropriately serve his Petition on Defendants indicates that he provided service only to Ms. Carfaro at 73 East High Street, Somerville New Jersey. (*See* ECF Nos. 5 & 6.) The Court assumes that Plaintiff believed service at this address provided sufficient service to both Defendants, as he mistakenly believed Ms. Carfaro and Somerset Probation were one and the same. However, this address is the "Central Office" of the Somerset County Department of Social Services.[3] The Somerset County Probation Department therefore does not appear to have been served.[4] Accordingly, as Somerset Probation has not been served, Plaintiff's "emergent out of time request" for an entry of default judgment (improperly labeled as a motion for a Temporary Restraining Order) due to Somerset Probation's failure to respond is denied.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court will not dismiss, however, "if the plaintiff shows good cause

---

[3] SOMERSET COUNTY SOCIAL SERVICES, https://www.co.somerset.nj.us/government/affiliated-agencies/social-services (last visited Aug. 10, 2023).

[4] One address for the Somerset County Probation Department lists 20 North Bridge Street, Somerville, NJ 08876. SOMERSET COUNTY PROBATION DEPARTMENT, https://www.countyoffice.org/somerset-county-probation-department-somerville-nj-dfd/ (last visited Aug. 10, 2023). The many correspondences between Plaintiff and Somerset Probation, and found in his exhibits attached to the Complaint, reference an address of P.O. Box 3000, Courthouse, Somerville NJ 08876. (*See* ECF No. 1-2 at 29.) Either way, Somerset Probation does not appear to be located at the same address as the Department of Social Services.

for the failure." *Id.* The Court does not find any gamesmanship in Plaintiff's actions thus far and will accordingly extend the time for service by twenty-eight (28) days. Plaintiff is strongly advised to ensure that Defendant is served at the correct address, and to abide by Rule 4 of the Federal Rules of Civil Procedure in effectuating proper service.

### IV.     CONCLUSION

For the foregoing reasons, Defendant Ellen Carfaro's motion to dismiss (ECF No. 7) is GRANTED and Plaintiff's "emergent out of time request" (ECF No. 10) is DENIED. Defendant Ellen Carfaro is hereby dismissed without prejudice. Plaintiff has twenty-eight (28) days from entry of this Opinion and accompanying Order to file an amended complaint detailing any allegations specific to Ms. Carfaro and unrelated to Somerset Probation. If Plaintiff does not cure these deficiencies, the Court will assume that Plaintiff agrees that Ms. Carfaro has been improperly pled and the Court will thereby dismiss Ms. Carfaro from this case with prejudice. Plaintiff is further instructed to serve his Complaint and Petition on Somerset Probation at the correct address and provide proof of service of same. Failure to do so will result in the dismissal as against Somerset Probation, and therefore, of the case. The Clerk's Office will be directed to mail Plaintiff a copy of this Opinion and Order.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: August 11, 2023